ORIGINAL

1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6

E-filing

7

8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

9

10  CRAIG YATES, an individual,          )   CASE NO. **10  2652**
                                         )   Civil Rights
11         Plaintiff,                     )
                                         )   **COMPLAINT FOR INJUNCTIVE RELIEF**
12  v.                                    )   **AND DAMAGES:**
                                         )
13  JUMBO SEAFOOD RESTAURANT, INC., )       **1ST CAUSE OF ACTION:** For Denial of Access
    a California Corporation; and KIRK    )   by a Public Accommodation in Violation of the
14  LEONG and MAY F. LEONG, Trustees of   )   Americans with Disabilities Act of 1990 (42
    the TRUST OF KIRK AND MAY LEONG, )       U.S.C. §12101, *et seq.*)
15  dated December 16, 2006,              )
                                         )   **2nd CAUSE OF ACTION:** For Denial of Full
16         Defendants.                    )   and Equal Access in Violation of California
                                         )   Civil Code §§54, 54.1 and 54.3
17  _____ )
                                             **3rd CAUSE OF ACTION:** For Denial of
18                                           Accessible Sanitary Facilities in Violation of
                                             California Health & Safety Code §19955, *et seq.*
19

20                                           **4th CAUSE OF ACTION:** For Denial of
                                             Access to Full and Equal Accommodations,
21                                           Advantages, Facilities, Privileges and/or
                                             Services in Violation of California Civil Code
                                             §51, *et seq.* (The Unruh Civil Rights Act)
22

23                                           **DEMAND FOR JURY**
24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff CRAIG YATES, an individual, complains of defendants JUMBO SEAFOOD

2  RESTAURANT, INC., a California Corporation; and KIRK LEONG and MAY F. LEONG,

3  Trustees of the TRUST OF KIRK AND MAY LEONG, dated December 16, 2006 and alleges as

4  follows:

5  **INTRODUCTION:**

6    1.    This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

8  for failure to remove architectural barriers structural in nature at defendants' JUMBO SEAFOOD

9  RESTAURANT, a place of public accommodation, thereby discriminatorily denying plaintiff

10  and the class of other similarly situated persons with physical disabilities access to, the full and

11  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

12  and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

13  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15    2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

16  April 9, 2008, January 29, 2009, March 9, 2009, August 14, 2009, August 28, 2009,

17  April 24, 2010 and June 8, 2010, was an invitee, guest, patron, customer at defendants' JUMBO

18  SEAFOOD RESTAURANT, in the City of San Francisco, California.  At said times and place,

19  defendants failed to provide proper legal access to the restaurant, which is a "public

20  accommodation" and/or a "public facility" including, but not limited to entrance, paths of travel,

21  men's restroom and women's restroom.  The denial of access was in violation of both federal and

22  California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights

23  to full and equal access, and was embarrassed and humiliated.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **JURISDICTION AND VENUE:**

2    3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6  California law, whose goals are closely tied with the ADA, including but not limited to violations
7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8  *seq.*, including §19959; Title 24 California Building Standards Code.

9    4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10  founded on the facts that the real property which is the subject of this action is located at/near
11  1532 Noriega Street, in the City and County of San Francisco, State of California, and that
12  plaintiff's causes of action arose in this county.

13  **PARTIES:**

14    5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16  disabled", "physically handicapped" and "person with physical disabilities" are used
17  interchangeably, as these words have similar or identical common usage and legal meaning, but
18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22  and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24  portion of the public whose rights are protected by the provisions of Health & Safety Code
25  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28  §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    6.     Defendants JUMBO SEAFOOD RESTAURANT, INC., a California Corporation;

2    and KIRK LEONG and MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY

3    LEONG, dated December 16, 2006 (hereinafter alternatively collectively referred to as

4    "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners,

5    lessors and/or lessees, of the public accommodation known as JUMBO SEAFOOD

6    RESTAURANT, located at/near 1532 Noriega Street, San Francisco, California, or of the

7    building and/or buildings which constitute said public accommodation.

8    7.     At all times relevant to this complaint, defendants JUMBO SEAFOOD

9    RESTAURANT, INC., a California Corporation; and KIRK LEONG and MAY F. LEONG,

10   Trustees of the TRUST OF KIRK AND MAY LEONG, dated December 16, 2006, own and

11   operate in joint venture the subject JUMBO SEAFOOD RESTAURANT as a public

12   accommodation.  This business is open to the general public and conducts business therein.  The

13   business is a "public accommodation" or "public facility" subject to the requirements of

14   California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the

15   ADA, 42 U.S.C. §12101, *et seq.*

16   8.     At all times relevant to this complaint, defendants JUMBO SEAFOOD

17   RESTAURANT, INC., a California Corporation; and KIRK LEONG and MAY F. LEONG,

18   Trustees of the TRUST OF KIRK AND MAY LEONG, dated December 16, 2006 are jointly and

19   severally responsible to identify and remove architectural barriers at the subject JUMBO

20   SEAFOOD RESTAURANT pursuant to Code of Federal Regulations title 28, section 36.201(b),

21   which states in pertinent part:

22          **§ 36.201     General**

23              (b) *Landlord and tenant responsibilities.* Both the landlord
                who owns the building that houses a place of public
24              accommodation and the tenant who owns or operates the place of
                public accommodation are public accommodations subject to the
25              requirements of this part.  As between the parties, allocation of
                responsibility for complying with the obligations of this part may
26              be determined by lease or other contract.

27          28 CFR §36.201(b)

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1  **PRELIMINARY FACTUAL ALLEGATIONS:**

2      9.     The JUMBO SEAFOOD, is a restaurant, located at/near 1532 Noriega Street, San

3  Francisco, California. The JUMBO SEAFOOD, its entrance, paths of travel, men's restroom,

4  women's restroom, and its other facilities are each a "place of public accommodation or facility"

5  subject to the barrier removal requirements of the Americans with Disabilities Act. On

6  information and belief, each such facility has, since July 1, 1970, undergone "alterations,

7  structural repairs and additions," each of which has subjected the restaurant and each of its

8  facilities, its entrance, paths of travel, men's restroom, women's restroom to disability access

9  requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and

10  Title 24 of the California Code of regulations (Title 24).

11     10.    On or about December 27, 2006, defendants' and each of them purchased and/or

12  took possessory control of the premises now known as JUMBO SEAFOOD. At all times prior

13  thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,

14  or upon taking possessory interest that public accommodations had a duty to identify and remove

15  architectural barriers and were aware that JUMBO SEAFOOD was not accessible to the disabled.

16  Nevertheless, defendants' and each of them, operated JUMBO SEAFOOD as though it was

17  accessible.

18     11.    At all times stated herein, defendants' and each of them with the knowledge that

19  each of them had a continuing obligation to identify and remove architectural barriers where it

20  was readily achievable to do so, failed to adopt a transition plan to provide better and/or

21  compliant access to the subject accommodation.

22     12.    At all times referred to herein and continuing to the present time, defendants, and

23  each of them, advertised, publicized and held out the JUMBO SEAFOOD as being handicapped

24  accessible and handicapped usable.

25     13.    On or about 1990 to the present, plaintiff CRAIG YATES has patronized JUMBO

26  SEAFOOD RESTAURANT.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    14.    On or about April 9, 2008, January 29, 2009, March 9, 2009, August 14, 2009,

2  August 28, 2009, April 24, 2010 and June 8, 2010, plaintiff CRAIG YATES was an invitee and

3  guest at the subject JUMBO SEAFOOD, for purposes of having food and beverage.

4    15.    On or about April 9, 2008, plaintiff CRAIG YATES patronized JUMBO

5  SEAFOOD RESTAURANT. Plaintiff CRAIG YATES encountered barriers in the form of

6  improper front door pressure, lack of paths of travel through the restaurant and noncompliant

7  restroom(s). Plaintiff CRAIG YATES due to the statute of limitations does not make any claim

8  in this complaint for damages on April 9, 2008.

9    16.    On or about January 29, 2009, Plaintiff CRAIG YATES patronized JUMBO

10  SEAFOOD, and plaintiff CRAIG YATES struggled with the front double doors because the

11  double door closure mechanism caused the door(s) to close too fast resulting in plaintiff CRAIG

12  YATES struggling with a door to gain entrance. Plaintiff CRAIG YATES encountered the same

13  barrier on March 9, 2009, August 14, 2009, August 28, 2009 and June 8, 2010.

14    17.    On or about April 24, 2010, the double doors at the subject restaurant were

15  propped open.

16    18.    On or about January 29, 2009, plaintiff CRAIG YATES encountered paths of

17  travel in between the tables and to the restrooms which lacked proper clearance because the

18  tables and chairs were too close to one another and table rounds blocked access to the men's and

19  women's restroom(s).

20    19.    Plaintiff CRAIG YATES encountered these same barriers on March 9, 2009,

21  August 14, 2009, August 28, 2009, April 24, 2010 and June 8, 2010 on his return visits to

22  JUMBO SEAFOOD RESTAURANT.

23    20.    On or about January 29, 2009, plaintiff CRAIG YATES attempted to use the

24  men's restroom. Plaintiff CRAIG YATES encountered inaccessible elements in the restroom, to

25  wit: a round door knob; an inaccessible lavatory; the paper dispenser was too high; improper grab

26  bars; and improper placement of the urinal.

27    21.    On or about March 9, 2009 and April 24, 2010, plaintiff CRAIG YATES returned

28  to JUMBO SEAFOOD and encountered these same barriers.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1       22.    On or about March 9, 2009, August 14, 2009, August 28, 2009, April 24, 2010

2   and June 8, 2010, plaintiff CRAIG YATES was informed that access to and access in the

3   women's restroom at the subject restaurant was noncompliant under the Americans with

4   Disabilities Act ("ADA") and appropriate provisions of the code of federal regulations which

5   apply to sanitary facilities.

6       23.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

7   disability, encountered the following inaccessible elements of the subject JUMBO SEAFOOD

8   which constituted architectural barriers and a denial of the proper and legally-required access to a

9   public accommodation to persons with physical disabilities including, but not limited to:

10          a.    lack of directional signage to show accessible routes of travel, i.e. entrances;

11

12          b.    lack of an accessible entrance due to excessive door pressure;

        c.    lack of a fully handicapped-accessible women's public restroom;

13

14          d.    lack of a fully handicapped-accessible men's public restroom;

15          e.    lack of clear paths of travel through the restaurant and to the restroom(s); and

16          f.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by

17              persons with physical disabilities.

18      24.    At all times stated herein, the existence of architectural barriers at defendants'

19  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

20  with the Americans with Disabilities Act of 1990 either then, now or in the future.

21      25.    On or about July 1, 2008, February 27, 2009, August 24, 2009 and May 11, 2010,

22  defendant(s) were sent eight (8) letters by or on behalf of plaintiff CRAIG YATES advising of

23  their need to take immediate action to remove architectural barriers and requesting a written

24  response upon receipt of his/her letter, promising to immediately remove the barriers and

25  providing a date when that would be accomplished. Said letters are attached hereto collectively as

26  exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to

27  respond evidenced an intent not to seek or engage in an early and reasonable resolution of the

28  matter.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      26.    At all times stated herein, defendants, and each of them, did not act as reasonable
2  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
3  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
4  receiving the same goods and services as able bodied people and some of which may and did pose
5  a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of
6  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
7  bodily injury.

8      27.    As a legal result of defendants JUMBO SEAFOOD RESTAURANT, INC., a
9  California Corporation; and KIRK LEONG and MAY F. LEONG, Trustees of the TRUST OF
10  KIRK AND MAY LEONG, dated December 16, 2006's failure to act as a reasonable and prudent
11  public accommodation in identifying, removing or creating architectural barriers, policies,
12  practices and procedures that denied access to plaintiff and other persons with disabilities,
13  plaintiff suffered the damages as alleged herein.

14     28.    As a further legal result of the actions and failure to act of defendants, and as a
15  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
16  herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
17  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
18  disabilities to full and equal access to public facilities, and further suffered bodily injury on or
19  about January 29, 2009, March 9, 2009, August 14, 2009, August 28, 2009 and June 8, 2010,
20  including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or
21  transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a
22  legal result of defendants negligence in the design, construction and maintenance of the existing
23  double front doors which have closers, plaintiff suffered continuous, repetitive and cumulative
24  trauma to his right upper extremity while attempting to gain entry.

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    29. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
2 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
3 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
4 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
5 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
6 distress over and above that usually associated with the discrimination and physical injuries
7 claimed, and no expert testimony regarding this usual mental and emotional distress will be
8 presented at trial in support of the claim for damages.

9    30. Defendants', and each of their, failure to remove the architectural barriers
10 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
11 accommodation, and continues to create continuous and repeated exposure to substantially the
12 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

13    31. Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
14 by defendants JUMBO SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK
15 LEONG and MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated
16 December 16, 2006, because defendants JUMBO SEAFOOD RESTAURANT, INC., a California
17 Corporation; and KIRK LEONG and MAY F. LEONG, Trustees of the TRUST OF KIRK AND
18 MAY LEONG, dated December 16, 2006 maintained the JUMBO SEAFOOD without access for
19 persons with physical disabilities to its facilities, including but not limited to entrance, paths of
20 travel, men's restroom, women's restroom, and other public areas as stated herein, and continue
21 to the date of filing this complaint to deny equal access to plaintiff and other persons with physical
22 disabilities in these and other ways.

23    32. On information and belief, construction alterations carried out by defendants have
24 also triggered access requirements under both California law and the Americans with Disabilities
25 Act of 1990.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1     33.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the JUMBO
2 SEAFOOD to be made accessible to meet the requirements of both California law and the
3 Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
4 operate the JUMBO SEAFOOD as a public facility.

5     34.     Plaintiff seeks damages for violation of his civil rights on January 29, 2009,
6 March 9, 2009, August 14, 2009, August 28, 2009, April 24, 2010 and June 8, 2010 and seeks
7 statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000
8 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury)
9 determines was the date that some or all remedial work should have been completed under the
10 standard that the landlord and tenant had an ongoing duty to identify and remove architectural
11 barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from
12 returning to the subject public accommodation because of his knowledge and/or belief that neither
13 some or all architectural barriers had been removed and that said premises remains inaccessible to
14 persons with disabilities whether a wheelchair user or otherwise.

15     35.     On information and belief, defendants have been negligent in their affirmative duty
16 to identify the architectural barriers complained of herein and negligent in the removal of some or
17 all of said barriers.

18     36.     Because of defendants' violations, plaintiff and other persons with physical
19 disabilities are unable to use public facilities such as those owned and operated by defendants on a
20 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
21 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
22 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
23 defendants to make the JUMBO SEAFOOD accessible to persons with disabilities.

24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1   37.   On information and belief, defendants have intentionally undertaken to modify and
2   alter existing building(s), and have failed to make them comply with accessibility requirements
3   under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
4   of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5   and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
6   out by defendants, and each of them, with a willful and conscious disregard for the rights and
7   safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
8   provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9   defendants, and each of them, to other operators and landlords of other restaurants and other
10  public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51,
11  51.5 and 54.

12  38.   Plaintiff is informed and believes and therefore alleges that defendants JUMBO
13  SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK LEONG and MAY F.
14  LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated December 16, 2006, and
15  each of them, caused the subject building(s) which constitute the JUMBO SEAFOOD to be
16  constructed, altered and maintained in such a manner that persons with physical disabilities were
17  denied full and equal access to, within and throughout said building(s) of the subject restaurant
18  and were denied full and equal use of said public facilities. Furthermore, on information and
19  belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in
20  such conditions up to the present time, despite actual and constructive notice to such defendants
21  that the configuration of the subject restaurant and/or its building(s) is in violation of the civil
22  rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members
23  of the disability community. Such construction, modification, ownership, operation, maintenance
24  and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
25  Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    39.    On personal knowledge, information and belief, the basis of defendants' actual and
2   constructive notice that the physical configuration of the facilities including, but not limited to,
3   architectural barriers constituting the JUMBO SEAFOOD and/or building(s) was in violation of
4   the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited
5   to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other
6   restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
7   modification, improvement, or substantial repair of the subject premises and other properties
8   owned by these defendants, newspaper articles and trade publications regarding the Americans
9   with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
10  Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'
11  failure, under state and federal law, to make the JUMBO SEAFOOD accessible is further
12  evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated
13  persons with disabilities. Despite being informed of such effect on plaintiff and other persons
14  with physical disabilities due to the lack of accessible facilities, defendants, and each of them,
15  knowingly and willfully refused to take any steps to rectify the situation and to provide full and
16  equal access for plaintiff and other persons with physical disabilities to the JUMBO SEAFOOD.
17  Said defendants, and each of them, have continued such practices, in conscious disregard for the
18  rights of plaintiff and other persons with physical disabilities, up to the date of filing of this
19  complaint, and continuing thereon. Defendants had further actual knowledge of the architectural
20  barriers referred to herein by virtue of the demand letter addressed to the defendants and served
21  concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was
22  and is having on plaintiff and other persons with physical disabilities, constitutes despicable
23  conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated
24  persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

25    40.    Plaintiff CRAIG YATES and the disability community, consisting of persons with
26  disabilities, would, could and will return to the subject public accommodation when it is made
27  accessible to persons with disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

**I.** **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants JUMBO SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK LEONG and MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated December 16, 2006, inclusive)
(42 U.S.C. §12101, *et seq.*)

41.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 40 of this complaint.

42.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

43.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1    44.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

4  accommodations identified for purposes of this title was:

5              (7)    PUBLIC ACCOMMODATION - The following private
              entities are considered public accommodations for purposes of this
6              title, if the operations of such entities affect commerce -

7                                         ---

              (B) a restaurant, bar or other establishment serving food or
8              drink.

9              42 U.S.C. §12181(7)(B)

10    45.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

11  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

12  privileges, advantages, or accommodations of any place of public accommodation by any person

13  who owns, leases, or leases to, or operates a place of public accommodation."

14    46.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

15  42 U.S.C. §12182(b)(2)(a) are:

16              (I)    the imposition or application of eligibility criteria
              that screen out or tend to screen out an individual with a disability
17              or any class of individuals with disabilities from fully and equally
              enjoying any goods, services, facilities, privileges, advantages, or
18              accommodations, unless such criteria can be shown to be necessary
              for the provision of the goods, services, facilities, privileges,
19              advantages, or accommodations being offered;

20              (ii)    a failure to make reasonable modifications in
              policies, practices, or procedures, when such modifications are
21              necessary to afford such goods, services, facilities, privileges,
              advantages or accommodations to individuals with disabilities,
22              unless the entity can demonstrate that making such modifications
              would fundamentally alter the nature of such goods, services,
23              facilities, privileges, advantages, or accommodations;

24              (iii)    a failure to take such steps as may be necessary to
              ensure that no individual with a disability is excluded, denied
25              services, segregated or otherwise treated differently than other
              individuals because of the absence of auxiliary aids and services,
26              unless the entity can demonstrate that taking such steps would
              fundamentally alter the nature of the good, service, facility,
27              privilege, advantage, or accommodation being offered or would
              result in an undue burden;

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

2

       (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

3

4

5

       (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10     47.    The removal of the barriers complained of by plaintiff as hereinabove alleged were

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of JUMBO

12 SEAFOOD RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and

13 belief, if the removal of all the barriers complained of herein together was not "readily

14 achievable," the removal of each individual barrier complained of herein was "readily

15 achievable." On information and belief, defendants' failure to remove said barriers was likewise

16 due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18     48.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense." The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

22 plaintiff complains of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1    49.    On information and belief, construction work on, and modifications of, the subject
2  building(s) of the subject restaurant occurred after the compliance date for the Americans with
3  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
4  the ADA.

5    50.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
6  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
8  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
9  to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
10  making use of the public facilities complained of herein so long as the premises and defendants'
11  policies bar full and equal use by persons with physical disabilities.

12    51.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13  disability to engage in a futile gesture if such person has actual notice that a person or
14  organization covered by this title does not intend to comply with its provisions." Pursuant to this
15  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
16  June 8, 2010, but on information and belief, alleges that defendants have continued to violate the
17  law and deny the rights of plaintiff and of other persons with physical disabilities to access this
18  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
19  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
20  facilities readily accessible to and usable by individuals with disabilities to the extent required by
21  this title."

22    52.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights
23  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
24  the Americans with Disabilities Act of 1990, including but not limited to an order granting
25  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being
26  deemed to be the prevailing party.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

**II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEO.** (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants JUMBO SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK LEONG and MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated December 16, 2006, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

53. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 52 of this complaint.

54. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

55. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

56. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    57.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6 defendants' JUMBO SEAFOOD RESTAURANT. As a legal result, plaintiff is entitled to seek

7 damages pursuant to a court or jury determination, in accordance with California Civil Code

8 §54.3(a) for each day on which he visited or have been deterred from visiting the subject

9 restaurant because of his knowledge and belief that the restaurant is inaccessible to persons with

10 disabilities. California Civil Code §54.3(a) provides:

11              Any person or persons, firm or corporation, who denies or interferes
                with admittance to or enjoyment of the public facilities as specified
12              in Sections 54 and 54.1 or otherwise interferes with the rights of an
                individual with a disability under Sections 54, 54.1 and 54.2 is
13              liable for each offense for the actual damages and any amount as
                may be determined by a jury, or the court sitting without a jury, up
14              to a maximum of three times the amount of actual damages but in
                no case less than . . .one thousand dollars ($1,000) and . . .
15              attorney's fees as may be determined by the court in addition
                thereto, suffered by any person denied any of the rights provided in
16              Sections 54, 54.1 and 54.2.

17              Civil Code §54.3(a)

18    58.    On or about January 29, 2009, March 9, 2009, August 14, 2009, August 28, 2009,

19 April 24, 2010 and June 8, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54

20 and 54.1 in that plaintiff CRAIG YATES was denied access to entrance, paths of travel, men's

21 restroom, women's restroom and other public facilities as stated herein at the JUMBO SEAFOOD

22 and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    59.    As a result of the denial of equal access to defendants' facilities due to the acts and
2  omissions of defendants, and each of them, in owning, operating and maintaining these subject
3  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
5  discomfort on or about January 29, 2009, March 9, 2009, August 14, 2009, August 28, 2009 and
6  June 8, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and
7  attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.
8  Specifically, as a legal result of defendants negligence in the design, construction and
9  maintenance of the existing double front doors which have closers, plaintiff suffered continuous,
10  repetitive and cumulative trauma to his right upper extremity while attempting to gain entry.

11    60.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
12  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
13  and worry, all of which are expectedly and naturally associated with a denial of access to a person
14  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
15  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
16  person or an entity that represents persons with physical disabilities and unable, because of the
17  architectural barriers created and maintained by the defendants in violation of the subject laws, to
18  use the public facilities hereinabove described on a full and equal basis as other persons.

19    61.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
20  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
21  as a person or an entity that represents persons with physical disabilities on or about January 29,
22  2009, March 9, 2009, August 14, 2009, August 28, 2009, April 24, 2010 and June 8, 2010, and on
23  a continuing basis since then, including statutory damages, a trebling of all of actual damages,
24  general and special damages available pursuant to §54.3 of the Civil Code according to proof.

25    62.    As a result of defendants', and each of their, acts and omissions in this regard,
26  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
27  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
28  disabilities and prohibiting discrimination against persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1 Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this

2 lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

3 Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to

4 plaintiff, but also to compel the defendants to make their facilities accessible to all members of the

5 public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party,

6 pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

7 **III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

8 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants JUMBO
SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK LEONG and

9 MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated
December 16, 2006, inclusive)

10 (Health & Safety Code §19955, *et seq.*)

11      63.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

12 the allegations contained in paragraphs 1 through 62 of this complaint.

13      64.    Health & Safety Code §19955 provides in pertinent part:

14     The purpose of this part is to insure that public accommodations or
facilities constructed in this state with private funds adhere to the

15     provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
of Title 1 of the Government Code. For the purposes of this part

16     "public accommodation or facilities" means a building, structure,
facility, complex, or improved area which is used by the general

17     public and shall include auditoriums, hospitals, theaters, restaurants,
hotels, motels, stadiums, and convention centers. When sanitary

18     facilities are made available for the public, clients or employees in
such accommodations or facilities, they shall be made available for

19     the handicapped.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 65. Health & Safety Code §19956, which appears in the same chapter as §19955,
2 provides in pertinent part, "accommodations constructed in this state shall conform to the
3 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
4 Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
5 public accommodations constructed or altered after that date. On information and belief, portions
6 of the JUMBO SEAFOOD and/or of the building(s) were constructed and/or altered after July 1,
7 1970, and substantial portions of the subject restaurant and/or the building(s) had alterations,
8 structural repairs, and/or additions made to such public accommodations after July 1, 1970,
9 thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5,
10 §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions
11 per Health & Safety Code §19959.

12 66. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
13 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
14 1982, Title 24 of the California Building Standards Code adopted the California State Architect's
15 Regulations and these regulations must be complied with as to any alterations and/or
16 modifications of JUMBO SEAFOOD RESTAURANT and/or the building(s) occurring after that
17 date. Construction changes occurring prior to this date but after July 1, 1970 triggered access
18 requirements pursuant to the "ASA" requirements, the American Standards Association
19 Specifications, A117.1-1961. On information and belief, at the time of the construction and
20 modification of said building, all buildings and facilities covered were required to conform to
21 each of the standards and specifications described in the American Standards Association
22 Specifications and/or those contained in Title 24 of the California Building Standards Code.

23 67. Restaurants such as the JUMBO SEAFOOD are "public accommodations or
24 facilities" within the meaning of Health & Safety Code §19955, *et seq*.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    68.    As a result of the actions and failure to act of defendants, and as a result of the

2 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

3 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

4 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

5 facilities.

6    69.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

7 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

8 civil rights and enforce provisions of the law protecting access for the persons with physical

9 disabilities and prohibiting discrimination against the persons with physical disabilities, and to

10 take such action both in plaintiff's own interests and in order to enforce an important right

11 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

12 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

13 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

14 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

15 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

16 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

17    70.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

18 them, to make the subject place of public accommodation readily accessible to and usable by

19 persons with disabilities.

20 **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
**        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
21 **        AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET*
**        SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**
22     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants JUMBO
    SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK LEONG and
23     MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated
    December 16, 2006, inclusive)
24     (Civil Code §51, 51.5)

25    71.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

26 the allegations contained in paragraphs 1 through 70 of this complaint.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1      72.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2 public accommodation in identifying, removing and/or creating architectural barriers, policies,

3 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

4 Unruh Act provides:

5               This section shall be known, and may be cited, as the Unruh
Civil Rights Act.

6

7               All persons within the jurisdiction of this state are free and
equal, and no matter what their sex, race, color, religion, ancestry,
national origin, or **disability** are entitled to the full and equal

8           accommodations, advantages, facilities, privileges, or services in all
business establishments of every kind whatsoever.

9

               This section shall not be construed to confer any right or

10         privilege on a person that is conditioned or limited by law or that is
applicable alike to persons of every sex, color, race, religion,

11         ancestry, national origin, or **disability.**

12             Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or

13         modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by other

14         provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything

15         in this section be construed to augment, restrict, or alter in any way
the authority of the State Architect to require construction,

16         alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other . . . laws.

17

               A violation of the right of any individual under the

18         Americans with Disabilities Act of 1990 (Public Law 101-336) shall
also constitute a violation of this section.

19

20 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21 "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

22 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24 defendants, and each of them.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    73.    The acts and omissions of defendants stated herein are discriminatory in nature and

2  in violation of Civil Code §51.5:

3              No business establishment of any kind whatsoever shall
          discriminate against, boycott or blacklist, refuse to buy from, sell to,
4          or trade with any person in this state because of the race, creed,
          religion, color, national origin, sex, or **disability** of the person or of
5          the person's partners, members, stockholders, directors, officers,
          managers, superintendents, agents, employees, business associates,
6          suppliers, or customers.

7              As used in this section, "person" includes any person, firm
          association, organization, partnership, business trust, corporation,
8          limited liability company, or company.

9              Nothing in this section shall be construed to require any
          construction, alteration, repair, structural or otherwise, or
10         modification of any sort whatsoever, beyond that construction,
          alteration, repair or modification that is otherwise required by other
11         provisions of law, to any new or existing establishment, facility,
          building, improvement, or any other structure . . . nor shall anything
12         in this section be construed to augment, restrict or alter in any way
          the authority of the State Architect to require construction,
13         alteration, repair, or modifications that the State Architect otherwise
          possesses pursuant to other laws.

14

15    74.    Defendants' acts and omissions as specified have denied to the plaintiff full and

16  equal accommodations, advantages, facilities, privileges and services in a business establishment,

17  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

18  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

19  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

20  Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

21  the entirety of his above cause of action for violation of the Americans with Disabilities Act at

22  §41, *et seq.*, as if repled herein.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1         75.     As a further legal result of the actions and failure to act of defendants, and as a
2 legal result of the failure to provide proper handicapped-accessible public facilities as set forth
3 herein, plaintiff was denied his/her civil rights to full and equal access to public facilities. Plaintiff
4 CRAIG AYTES suffered a loss of his civil rights and his rights as a person with physical
5 disabilities to full and equal access to public facilities, and further suffered bodily injury on or
6 about January 29, 2009, March 9, 2009, August 14, 2009, August 28, 2009 and June 8, 2010,
7 including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or
8 transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a
9 legal result of defendants negligence in the design, construction and maintenance of the existing
10 double front doors which have closers, plaintiff suffered continuous, repetitive and cumulative
11 trauma to his right upper extremity while attempting to gain entry.

12         76.     Further, plaintiff CRAIG YATES suffered mental distress, mental
13 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
14 disappointment and worry, all of which are expectedly and naturally associated with a denial of
15 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
16 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
17 basis that plaintiff is a person or an entity that represents persons with physical disabilities and
18 unable, because of the architectural barriers created and maintained by the defendants in violation
19 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
20 other persons.

21         77.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
22 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
23 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
24 allowed by statute, according to proof if deemed to be the prevailing party.

25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1 **PRAYER:**

2  Plaintiff prays that this court award damages and provide relief as follows:

3 **I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
     PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4   **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants JUMBO
5    SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK LEONG and
     MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated
6    December 16, 2006, inclusive)
     (42 U.S.C. §12101, *et seq.*)
7
         1.    For injunctive relief, compelling defendants JUMBO SEAFOOD RESTAURANT,
8
   INC., a California Corporation; and KIRK LEONG and MAY F. LEONG, Trustees of the TRUST
9
   OF KIRK AND MAY LEONG, dated December 16, 2006, inclusive, to make JUMBO
10
   SEAFOOD, located at 1532 Noriega Street, San Francisco, California, readily accessible to and
11
   usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable
12
   modifications in policies, practice, eligibility criteria and procedures so as to afford full access to
13
   the goods, services, facilities, privileges, advantages and accommodations being offered.
14
         2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the
15
   prevailing party; and
16
         3.    For such other and further relief as the court may deem proper.
17
   **II.  PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
18     EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
       AND 54.3,** *ET SEO.*
19     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants JUMBO
       SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK LEONG and
20     MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated
       December 16, 2006, inclusive)
21     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

22       1.    For injunctive relief, compelling defendants JUMBO SEAFOOD RESTAURANT,

23  INC., a California Corporation; and KIRK LEONG and MAY F. LEONG, Trustees of the TRUST

24  OF KIRK AND MAY LEONG, dated December 16, 2006, inclusive, to make JUMBO

25  SEAFOOD, located at 1532 Noriega Street, San Francisco, California, readily accessible to and

26  usable by individuals with disabilities, per state law.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

1      2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2 each occasion on which plaintiff was deterred from returning to the subject public

3 accommodation.

4      3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

5 if plaintiffs are deemed the prevailing party;

6      4.    Treble damages pursuant to Civil Code §54.3;

7      5.    General damages according to proof;

8      6.    For all costs of suit;

9      7.    Prejudgment interest pursuant to Civil Code §3291; and

10      8.    Such other and further relief as the court may deem just and proper.

11 **III.**    **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**

12        **§19955,** *ET. SEO.*

(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants JUMBO

13 SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK LEONG and MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated

14 December 16, 2006, inclusive)

(Health & Safety code §19955, *et seq.*)

15

16      1.    For injunctive relief, compelling defendants JUMBO SEAFOOD RESTAURANT,

17 INC., a California Corporation; and KIRK LEONG and MAY F. LEONG, Trustees of the TRUST

18 OF KIRK AND MAY LEONG, dated December 16, 2006, inclusive, to make JUMBO

19 SEAFOOD, located at 1532 Noriega Street, San Francisco, California, readily accessible to and

20 usable by individuals with disabilities, per state law.

21      2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

22 alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

23      3.    For all costs of suit;

24      4.    For prejudgment interest pursuant to Civil Code §3291;

25      5.    Such other and further relief as the court may deem just and proper.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1  **IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
       FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2      **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
       CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
3      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants JUMBO
       SEAFOOD RESTAURANT, INC., a California Corporation; and KIRK LEONG and
4      MAY F. LEONG, Trustees of the TRUST OF KIRK AND MAY LEONG, dated
       December 16, 2006, inclusive)
5      (California Civil Code §§51, 51.5, *et seq.*)

6          1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and

7  for each occasion on which plaintiff was deterred from returning to the subject public

8  accommodation;

9          2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

10 party;

11         3.     General damages according to proof;

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    4.    Treble damages pursuant to Civil Code §52(a);

2    5.    For all costs of suit;

3    6.    Prejudgment interest pursuant to Civil Code §3291; and

4    7.    Such other and further relief as the court may deem just and proper.

5

6  Dated: _____, 2010          THOMAS E. FRANKOVICH,
                                 *A PROFESSIONAL LAW CORPORATION*
7

8

9                                By: _____

                                 THOMAS E. FRANKOVICH
10                               Attorneys for Plaintiff CRAIG YATES, an individual

11

12                        **DEMAND FOR JURY TRIAL**

13   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

14

15  Dated: _____, 2010          THOMAS E. FRANKOVICH,
                                 *A PROFESSIONAL LAW CORPORATION*
16

17

18                               By: _____

                                 THOMAS E. FRANKOVICH
19                               Attorneys for Plaintiff CRAIG YATES, an individual

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                    29

Exhibit A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 1, 2008

Manager
Jumbo Seafood
1532 Noriega St.
San Francisco, CA 94122

Dear Manager of Jumbo Seafood:

Recently I came back to Jumbo Seafood. I used to go there almost daily in the 1990's when I was doing construction. This time I came back in a wheelchair and wheeled into some problems. The door pressure at the entry door is excessive. It's hard to open from a wheelchair. When it was crowded, you can't get past the chairs and tables unless somebody moves. That's somewhat embarrassing and inconvenient for everybody. This is especially a problem trying to get to the restroom. The doorway into the men's restroom is too narrow and it's not accessible. The women's restroom has the same problem.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Jumbo Seafood once it is accessible to me. I may still come back before you do the work just because I like the place. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 1, 2008

Owner of Building
Jumbo Seafood
1532 Noriega St.
San Francisco, CA 94122

Dear Owner of Building for Jumbo Seafood:

Recently I came back to Jumbo Seafood. I used to go there almost daily in the 1990's when I was doing construction. This time I came back in a wheelchair and wheeled into some problems. The door pressure at the entry door is excessive. It's hard to open from a wheelchair. When it was crowded, you can't get past the chairs and tables unless somebody moves. That's somewhat embarrassing and inconvenient for everybody. This is especially a problem trying to get to the restroom. The doorway into the men's restroom is too narrow and it's not accessible. The women's restroom has the same problem.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Jumbo Seafood once it is accessible to me. I may still come back before you do the work just because I like the place. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

February 27, 2009

Manager
Jumbo Seafood
1532 Noriega St.
San Francisco, CA 94122

Dear Manager of Jumbo Seafood:

I was back to Jumbo's last month. I was surprised that everything is still the same as when I wrote you on July 1, 2008. There are still problems with the door pressure and crowded conditions that make wheelchair use very difficult. A narrow door into the men's restroom is a problem. Also, the sink has legs and you can't roll a wheelchair under it.

What I don't understand is why you haven't looked into this. Remember, I gave you two places to call write me back this week.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

February 27, 2009

Owner of the Building
Jumbo Seafood
1532 Noriega St.
San Francisco, CA 94122

Dear Owner of the Building for Jumbo Seafood:

I was back to Jumbo's last month. I was surprised that everything is still the same as when I wrote you on July 1, 2008. There are still problems with the door pressure and crowded conditions that make wheelchair use very difficult. A narrow door into the men's restroom is a problem. Also, the sink has legs and you can't roll a wheelchair under it.

What I don't understand is why you haven't looked into this. Remember, I gave you two places to call write me back this week.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

August 24, 2009

Manager
Jumbo Seafood
1532 Noriega St.
San Francisco, CA 94122

Dear Manager,

I periodically eat at Jumbo's. I use a wheelchair and have informed you before that I have problems with using the men's restroom. You keep using the hallway for storing boxes. They are in the way of a wheelchair user getting into the restroom.

I do not want to make a federal case out of this but what is it going to take to keep the hallway clear? Come on, build some shelves up off the ground, put the box's and crates somewhere else. There was to be a solution to this simple problem which becomes a big problem in getting into the restroom.

Please take care of it now! Keep the hallway clear! Write me when you get this letter, send it Fed Ex to make sure I receive it.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

August 24, 2009

Owner of the Building
Jumbo Seafood
1532 Noriega St.
San Francisco, CA 94122

Dear Owner of the Building for Jumbo Seafood:

I periodically eat at Jumbo's. I use a wheelchair and have informed you before that I have problems with using the men's restroom. You keep using the hallway for storing boxes. They are in the way of a wheelchair user getting into the restroom.

I do not want to make a federal case out of this but what is it going to take to keep the hallway clear? Come on, build some shelves up off the ground, put the box's and crates somewhere else. There was to be a solution to this simple problem which becomes a big problem in getting into the restroom.

Please take care of it now! Keep the hallway clear! Write me when you get this letter, send it Fed Ex to make sure I receive it.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

May 11, 2010

Manager
Jumbo Seafood
1532 Noriega St.
San Francisco, CA 94122

Dear Manager of Jumbo Seafood:

Hello everyone!!! How are you? What have you been doing the last couple of years?
You know me, I'm sure. I'm the fellow in the power chair that's written you a number of letters
since July of 2008. You know what you guys and I can celebrate, the 20th Anniversary of the
Americans with Disabilities Act of 1990, the passage of which was July 26, 1990. How time
fly's! That time seems like it flew faster than from July '08 to now.

Anyway, seeing that I've never heard back from you, I thought I'd give you my
anniversary list for providing access at Jumbo's. I thought I'd give you a check list of things to
do, fix, remove whatever you want to call it to make Jumbo's accessible to wheelchair users like
me. This is like taking everything and making it correct so you know what I've been talking
about. Se here it goes:

1.  front door pressure should be 5lbs or less;
2.  Path of travel to the restrooms should not be blocked by table rounds,
    boxes, beverage cases and the like;
3.  restroom (men's and women's) go look at them should have levered
    hardware instead of door knobs, 5lb. or less pressure, no sinks with legs
    because they keep you from rolling underneath them to use them, lower
    paper towel dispenser and move it from sink area so you can get to it from
    a chair.

Now about two years ago, I gave you some very helpful information. So, I'm going to
give it to you again because you probably lost it or threw it away. It takes a little time to be able
to get helpful information, so I found out who might be able to help you. If you need information
on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-
949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy
of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the
work yourself or have someone do it for you. You could also get a list of barriers common to
places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Write me back when you get this letter and tell me what you're gonna do. Remember, July 26, 2010, something to celebrate.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

May 11, 2010

Owner of the Building
Jumbo Seafood
1532 Noriega St.
San Francisco, CA 94122

Dear Owner of the Building Jumbo Seafood:

Hello everyone!!! How are you? What have you been doing the last couple of years?
You know me, I'm sure. I'm the fellow in the power chair that's written you a number of letters
since July of 2008. You know what you guys and I can celebrate, the 20th Anniversary of the
Americans with Disabilities Act of 1990, the passage of which was July 26, 1990. How time
fly's! That time seems like it flew faster than from July '08 to now.

Anyway, seeing that I've never heard back from you, I thought I'd give you my
anniversary list for providing access at Jumbo's. I thought I'd give you a check list of things to
do, fix, remove whatever you want to call it to make Jumbo's accessible to wheelchair users like
me. This is like taking everything and making it correct so you know what I've been talking
about. Se here it goes:

1.    front door pressure should be 5lbs or less;
2.    Path of travel to the restrooms should not be blocked by table rounds,
       boxes, beverage cases and the like;
3.    restroom (men's and women's) go look at them should have levered
       hardware instead of door knobs, 5lb. or less pressure, no sinks with legs
       because they keep you from rolling underneath them to use them, lower
       paper towel dispenser and move it from sink area so you can get to it from
       a chair.

Now about two years ago, I gave you some very helpful information. So, I'm going to
give it to you again because you probably lost it or threw it away. It takes a little time to be able
to get helpful information, so I found out who might be able to help you. If you need information
on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-
949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy
of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the
work yourself or have someone do it for you. You could also get a list of barriers common to
places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Write me back when you get this letter and tell me what you're gonna do. Remember, July 26, 2010, something to celebrate.

Sincerely,

Craig Yates